UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELBERT DAWKINS,

                Plaintiff,

v.

BRANDY LIBRARY LOUNGE, LLC,

                Defendant.

**ORDER**
23-CV-00207 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      This order addresses: (i) Defendant's failure to respond to the Court's prior orders; (ii) Plaintiff's motion to compel discovery, *see* ECF No. 18; and (iii) Defendant's motion for judgment on the pleadings, *see* ECF No. 19. As further set forth below, the Court: (i) imposes monetary sanctions on Defendant's counsel; (ii) denies Plaintiff's discovery motion without prejudice to the parties filing a joint letter that addresses the same issues, in accordance with the Court's Individual Practices; and (iii) denies the aspect of Defendant's motion for judgment on the pleadings based on mootness, without prejudice to Defendant making those same arguments on summary judgment, and sets a schedule for Plaintiff to respond to the aspect of Defendant's motion that argues that Plaintiff lacks standing.

      **I.**      **Defendant's Failure to Comply with Court Orders**

      The Court previously ordered Defendant to file on or before May 26, 2023: (i) a letter no longer than three pages explaining why Defendant or its counsel should not be sanctioned for failing timely to serve initial disclosures by the deadline of March 13, 2023, set by the Court's scheduling order, and (ii) a separate letter no longer than three pages explaining in detail the efforts that Defendant's counsel and representatives of Defendant took to collect information that was responsive to Plaintiff's interrogatories and requests for documents. *See* ECF No. 17.

Defendant has filed neither of those submissions and has not requested an extension of those deadlines. The Court therefore orders Defendant's counsel to pay $250.00 to the Clerk of Court on or before June 15, 2023, as a sanction pursuant to Rule 16(f) and the Court's inherent authority.

## II.  Plaintiff's Discovery Motion

The Court denies without prejudice Plaintiff's motion to compel discovery. *See* ECF No. 18. The parties shall file a joint letter that complies with Section IV.A.1 of the Court's Individual Practices regarding discovery disputes on or before June 15, 2023. Plaintiff's portion of the joint letter shall identify with specificity which interrogatories and document requests he is seeking to compel Defendant to respond to, and Plaintiff shall attach to the joint letter copies of Plaintiff's discovery requests and Defendant's responses. Defendant's portion of the joint letter shall explain whether Defendant has served initial disclosures and why Defendant or its counsel should not be sanctioned further for failing timely to serve those disclosures.

If Defendant fails to cooperate in preparing a joint letter, then Plaintiff shall file his own letter on or before June 15, 2023, providing the information described in the previous paragraph regarding Plaintiff's discovery requests and explaining Plaintiff's efforts to coordinate with Defendant's counsel in preparing a joint letter. The Court warns Defendant that failing to cooperate in preparing a joint letter will likely result in further sanctions imposed on Defendant or its counsel.

Based on the Court's review of Plaintiff's discovery motion and the discovery responses that Defendant previously filed on the docket, the Court will likely award Plaintiff attorney's fees related to this discovery dispute, pursuant to Rule 37(a)(5), since Defendant did not provide Plaintiff with discovery until after Plaintiff was forced to file a motion to compel. The Court expects that the attorney's fees to which Plaintiff is entitled will be even greater if Defendant

does not consensually resolve its alleged failure to respond to Plaintiff's discovery requests before the parties' joint letter is due.

### III. Defendant's Motion for Judgment on the Pleadings

Defendant has filed a motion for judgment on the pleadings, pursuant to Rule 12(c), seeking to dismiss Plaintiff's complaint. ECF No. 19. Defendant's motion argues both that the allegations in Plaintiff's complaint are insufficient to demonstrate that Plaintiff has Article III standing and that, regardless of whether Plaintiff has standing, Defendant's changes to its website since Plaintiff commenced this lawsuit have remedied any access issues and rendered Plaintiff's complaint moot. *Id.* at 12–18. The mootness aspect of Defendant's motion relies heavily on an affidavit by one of Defendant's employees explaining steps that Defendant supposedly took to improve its website, along with documents related to Defendant's efforts. *Id.* at 4–7.

The Court cannot consider these materials as part of Defendant's motion because the Court may not "supplement[] its assessment of the plausibility of [the plaintiff's] allegations on a Rule 12(c) motion with facts from [the defendant's] answer" or other documents provided by the defendant. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 304 (2d Cir. 2021) (holding that district court erred in considering defendant's documents when deciding motion for judgment on the pleadings). Instead, just as when dealing with a motion to dismiss made pursuant to Rule 12(b), the Court may only "consider extrinsic material that the complaint incorporates by reference, that is integral to the complaint, or of which courts can take judicial notice." *Id.* at 305. The affidavit by Defendant's employee and Defendant's accompanying documents do not meet these criteria, and the Court therefore may not consider them at this stage. The Court therefore denies the portion of Defendant's motion that seeks to dismiss Plaintiff's complaint as moot without prejudice to Defendant renewing its mootness argument on

3

summary judgment once Plaintiff has had a sufficient opportunity to take discovery related to the issues raised in Defendant's motion.

The portion of Defendant's motion that seeks to dismiss Plaintiff's complaint for lack of standing is, however, amenable to being resolved based on the parties' pleadings.  Plaintiff shall file a brief in opposition to that aspect of Defendant's motion on or before June 26, 2023, and if Plaintiff contends that the purported deficiencies raised in Defendant's motion can be addressed by amending Plaintiff's complaint, then Plaintiff shall file a proposed amended complaint with his opposition brief.  Defendant shall file a reply brief in further support of its motion to dismiss on or before July 10, 2023, which shall address whether any proposed amendments to Plaintiff's complaint would be futile.

SO ORDERED.

    */s/ Hector Gonzalez*
    HECTOR GONZALEZ
    United States District Judge

Dated: Brooklyn, New York
       June 5, 2023