UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────

ELBERT DAWKINS, individually and on behalf of others similarly situated,

                Plaintiff,

      v.

BRANDY LIBRARY LOUNGE, LLC,

                Defendant.

**MEMORANDUM & ORDER**
23-CV-00207 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff, who is legally blind, has sued Defendant Brandy Library Lounge, LLC ("Brandy Library"), under Title III of the Americans with Disabilities Act (the "ADA") and the New York City Human Rights Law (the "NYCHRL"), for allegedly failing to remove access barriers on its website. Defendant has filed a motion for judgment on the pleadings, pursuant to Rule 12(c), seeking to dismiss the complaint. ECF No. 19. Defendant's motion first argues that the allegations in Plaintiff's complaint are insufficient to demonstrate that Plaintiff has standing, as required by Article III of the Constitution. *Id.* at 12–13. Second, Defendant argues that, regardless of whether Plaintiff has standing, Defendant has made changes to its website since Plaintiff commenced this lawsuit that have remedied any access issues and thereby rendered Plaintiff's complaint moot. *Id.* at 14–16. For the reasons set forth below, the Court denies Defendant's motion but reopens discovery, so that the parties can take discovery related to Plaintiff's allegations about standing. Defendant may renew the arguments made in its current motion through a motion for summary judgment after fact discovery has closed.

## PROCEDURAL HISTORY

As mentioned above, Defendant has argued both that Plaintiff lacks standing and that Defendant has made changes to its website that have mooted the accessibility problems alleged in Plaintiff's complaint. ECF No. 19. The Court previously denied without prejudice the portion of Defendant's motion that argued Plaintiff's claims were moot because Defendant's arguments were based on an affidavit by a manager of Defendant's restaurant, which described changes that Defendant has purportedly made to its website. ECF No. 20. Since that affidavit contained evidence extrinsic to Plaintiff's complaint, the Court could not consider it during a motion for judgment on the pleadings. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 304–05 (2d Cir. 2021) (holding that district court erred in considering extrinsic documents provided by defendant when deciding motion for judgment on the pleadings).

On the other hand, the portion of Defendant's motion that seeks to dismiss the complaint for lack of standing is potentially amenable to being resolved based on the parties' pleadings. The Court therefore directed Plaintiff to file a brief in opposition to that aspect of the motion and to address whether Plaintiff contends that the purported deficiencies raised in the motion can be cured by amending the complaint. ECF No. 20. The Court further directed Plaintiff to file a proposed amended complaint with his opposition brief. *Id.* at 4.

Plaintiff has filed his opposition and has included a proposed amended complaint. ECF No. 26. In its reply, Defendant contends that Plaintiff's additional allegations intended to demonstrate standing still fail to show that Plaintiff has suffered an injury in fact sufficient to create a case or controversy required by Article III of the Constitution. ECF No. 27 at 5. The arguments in Defendant's reply brief are, once again, based on materials extrinsic to Plaintiff's proposed amended complaint. ECF No. 27. Specifically, Defendant has filed lengthy excerpts

of its menu and another affidavit by Defendant's manager describing the atmosphere at Defendant's restaurant.  ECF Nos. 27-2, 27-3.

## FACTUAL ALLEGATIONS

Plaintiff alleges in his proposed amended complaint that he is legally blind and uses screen-reading software to view content on the internet.  ECF No. 26-1 ¶ 2.  Defendant Brandy Library is a "bar/restaurant" located in Manhattan.  *Id.* ¶¶ 23–24.  Plaintiff alleges that he learned about Defendant's restaurant on Tripadvisor, a third-party website that provides information about restaurants and other attractions, and that he visited Defendant's website on two specific occasions because he "wanted to view the food menu and reserve a table."  *Id.* ¶¶ 22, 25.  According to Plaintiff, he "likes fine spirits accompanied with good wine, and particularly wanted to have a European style dinner with his girlfriend on a date," so he "thought [Brandy Library] was the best place to impress his girlfriend."  *Id.* ¶ 22.  Although Plaintiff lives in Brooklyn and Defendant's restaurant is in Manhattan, Plaintiff says that he routinely travels from Brooklyn to Manhattan on weekends to engage in "leisure activity."  *Id.* ¶¶ 23–24.

Plaintiff says that his attempts to review Defendant's menu and to make a reservation were unsuccessful because Defendant's website is not compatible with screen-reading technology and, therefore, nonsensical to people who attempt to review the website using such technology.  ECF No. 26-1 ¶¶ 27–28, 46–53.  However, Plaintiff alleges that if Defendant's website were to be made accessible, he intends to return to the website "in the near future" to reserve a table, so that he can "arrange a date with his girlfriend."  *Id.* ¶ 32.  Plaintiff wants to "take advantage of the [restaurant's] European atmosphere and setting, the fine wine and spirits, as well as the cuisine offerings," and to "introduce his girlfriend to the same."  *Id.*  Plaintiff seeks

3

both damages and injunctive relief to bring Defendant's website into compliance with the ADA and the NYCHRL.  *Id.* at 24–25.

## DISCUSSION

"The central inquiry for the Court when considering a motion for judgment on the pleadings in tandem with a motion to amend is . . . whether the proposed amended complaint contains claims upon which relief can be granted."  *Altman Stage Lighting, Inc. v. Smith*, No. 20-cv-2575, 2022 WL 374590, at *3 (S.D.N.Y. Feb. 8, 2022) (granting in part motion for judgment on the pleadings but also granting in part motion to amend complaint).[1]  Accordingly, the Court need not decide whether Plaintiff's original complaint alleged sufficient facts to demonstrate Plaintiff's standing, and the question currently before the Court is whether Plaintiff's proposed amended complaint can survive a Rule 12(c) motion for judgment on the pleadings.  *See Saoulis v. Credit Control Servs., Inc.*, No. 20-cv-735, 2020 WL 2836822, at *1 (E.D.N.Y. June 1, 2020) (treating motion for judgment on the pleadings as directed at proposed amended complaint under similar procedural circumstances).

As further set forth below, Plaintiff's request to amend is procedurally proper.  Good cause justifies Plaintiff's failure to request leave to amend prior to the deadline in the Court's scheduling order for the parties to seek to amend their pleadings because Defendant did not raise the issue of standing until after that deadline had already expired.  Additionally, the claims in Plaintiff's proposed amended complaint are not futile because Plaintiff's new allegations are sufficient at the pleadings stage to demonstrate standing.

---

[1]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

I.      **Good Cause Exists to Permit Plaintiff to Amend His Complaint**

Even assuming the Court were inclined to dismiss Plaintiff's original complaint, the Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021).

This liberal standard is, however, tempered by the fact that the Court's scheduling order set a deadline of March 30, 2023, for the parties to seek to amend their pleadings. ECF No. 10. Both Defendant's motion for judgment on the pleadings and Plaintiff's proposed amended complaint were filed after that date. ECF Nos. 19, 26. When a plaintiff requests permission to amend a complaint after the deadline in a scheduling order has passed, the plaintiff must both satisfy the ordinary considerations regarding amendment described above, which are derived from Rule 15, and also demonstrate good cause for the amendment, as required by Rule 16(b)(4) for any modifications to a scheduling order. *See Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). When assessing whether a plaintiff has demonstrated good cause, "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). But courts also "may consider other

relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [a] defendant[]." *Id.*[2]

Good cause exists for Plaintiff to amend his complaint. Defendant's answer to Plaintiff's complaint, which was filed in February 2023, did not assert that Plaintiff lacked standing to assert his claims. ECF No. 6. In fact, Defendant did not assert any affirmative defenses at all. *Id.* Rule 12(h) permits a Defendant to raise at any time a defense related to lack of subject matter jurisdiction—such as lack of standing. Fed. R. Civ. P. 12(h)(3). But Defendant's answer certainly did not put Plaintiff on notice in advance of his deadline to amend his complaint that Defendant intended to raise a standing issue. To the contrary, the parties filed a joint letter describing the case later in February, as required by a prior Court order, in which they stated that "[t]his Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331." ECF No. 9. Even though the Court's order required the parties' joint letter to identify whether they intended to make any motions, *see* ECF No. 5, and Plaintiff said that he intended potentially to move for summary judgment after the close of discovery, Defendant declared no intention of making a motion to challenge subject matter jurisdiction, *see* ECF No. 9.

Defendant's subsequent actions also failed to put Plaintiff on notice that Defendant considered Plaintiff's jurisdictional allegations to be defective. After Defendant filed a letter

---

[2]   Under certain circumstances, Rule 15(a)(1) permits a plaintiff to amend his complaint without the court's or his opponent's permission "after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). The Court need not decide whether Defendant's motion for judgment on the pleadings, which is made pursuant to Rule 12(c) but based on a ground enumerated in Rule 12(b), triggers this provision allowing amendment. The Second Circuit has held that when a proposed amended complaint is filed in response to a Rule 12(b) motion—but after the deadline for amending pleadings in the district court's scheduling order—the good cause standard required to modify the scheduling order controls. *Kassner*, 496 F.3d at 243–44 ("[W]e hold that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b).").

6

requesting a conference to discuss the amount of attorney's fees that Plaintiff was supposedly requesting during the parties' settlement negotiations, *see* ECF No. 11, the Court issued an order directing Defendant to file a supplemental letter that would explain, among other things, whether Defendant intended to "move to dismiss Plaintiff's complaint on any grounds identified in Rule 12," *see* ECF Order dated Mar. 15, 2023. Defendant's responsive letter left open the possibility that "Defendant may subsequently move to dismiss Plaintiff's complaint," but Defendant did not identify any purported deficiencies related to Plaintiff's standing. ECF No. 12 at 1. Instead, Defendant stated that it sought "at th[at] juncture" only to "limit the amount of attorney's fees that Plaintiff may be entitled to recover." *Id.*

It was not until the parties filed a joint letter, in May 2023, describing their progress with discovery that Defendant asserted there was "an issue of jurisdiction" and that "Plaintiff fails to allege standing to maintain his ADA claim." ECF No. 16 at 2. By that point, the March 30 deadline to move to amend pleadings from the Court's scheduling order had already expired. *See* ECF No. 10. Defendant filed its motion for judgment on the pleadings approximately two weeks after the parties' discovery update, and Plaintiff filed his proposed amended complaint according to the schedule set by the Court related to that motion. ECF Nos. 19, 20, 26.

Based on this procedural history, good cause exists to permit Plaintiff to amend his complaint. Defendant did not put Plaintiff on notice that it considered the jurisdictional allegations in Plaintiff's complaint to be inadequate until the deadline for amending pleadings had already expired. ECF No. 16. Plaintiff showed diligence by filing a proposed amended complaint shortly thereafter. ECF No. 26-1. Furthermore, Defendant will not be prejudiced by permitting Plaintiff to amend the complaint because Plaintiff's proposed amended complaint does not add new claims, and the new factual allegations do not meaningfully expand the scope

7

of discovery. *See* ECF No. 26-1; *see also Cardwell v. Davis Polk & Wardwell LLP*, No. 19-cv-10256, 2021 WL 4434935, at *41 (S.D.N.Y. Sept. 23, 2021) (permitting plaintiff to amend complaint to add new factual allegations that would "not add any new parties or claims" because such amendments "would not result in significant delay in the resolution of the dispute"). Since the parties' discovery update indicated that Defendant neither served any discovery requests nor took Plaintiff's deposition, *see* ECF No. 16, permitting Plaintiff's amendment and allowing the parties additional time for discovery will not cause Defendant to duplicate any effort or cost that it has already spent. *See Cardwell*, 2021 WL 4434935, at *42 (holding that defendants were not unduly prejudiced because the additional discovery required by plaintiff's amended factual allegations was expected to be minimal).

## II.   Plaintiff's Proposed Amended Complaint Adequately Alleges Standing

Having concluded that good cause exists for Plaintiff to amend his complaint, the Court must next assess whether Plaintiff's proposed amendments are futile—*i.e.*, whether the proposed amended complaint fails to allege standing. "To establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. A plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that [he] is likely to be harmed again in the future in a similar way." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022).

In the specific context of ADA claims, the Second Circuit has held that "a plaintiff seeking injunctive relief has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the

subject location." *Calcano*, 36 F.4th at 74; *see also Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (articulating same standard).³  "[C]ourts in this [C]ircuit have recognized that *Calcano* raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases," and courts no longer "routinely accept[] a boilerplate recitation of the *Kreisler* factors, absent any specific plans to return to the defendant's business." *Hennessy v. Poetica Coffee Inc.*, No. 21-cv-5063, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022) (denying motion for default judgment and dismissing complaint without prejudice for lack of standing).

If Plaintiff cannot demonstrate Article III jurisdiction to assert his ADA claims, then the Court has no option to exercise supplemental jurisdiction over Plaintiff's claims under the NYCHRL. *See Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021) ("Where a district court dismisses all federal claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, . . . the district court is *precluded* from exercising supplemental jurisdiction over the remaining state-law claims." (emphasis in original)).  Even if Plaintiff were to allege that the Court may exercise diversity jurisdiction over his NYCHRL claims, which he has not done, he would need to demonstrate standing for those claims because the Second Circuit has held that the jurisdictional limitations of Article III apply to claims based on state law asserted in federal court. *See Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) (dismissing claims asserted pursuant to New York statutes for lack of Article III standing).

---

³     In both *Calcano* and *Kreisler*, the parties' disputes involved the plaintiffs' attempts to make purchases at the defendants' physical locations rather than on the defendants' websites. The Court nevertheless deems the standard described in *Calcano* appropriate to assess Plaintiff's standing in this case because Plaintiff's proposed amended complaint does not allege that he attempted to make any purchases directly from Defendant's website, and Plaintiff's entire theory of standing is based on his alleged desire physically to attend a dinner with his girlfriend at Defendant's restaurant.  *See* ECF No. 26-1.

9

Plaintiff's proposed amended complaint adequately alleges each of the three requirements for standing identified by the Second Circuit in *Calcano* and *Kreisler*. Plaintiff allegedly encountered accessibility issues when he visited Defendant's website on two specific occasions, and since Defendant's insistence that it has remedied those issues is based on self-serving assertions made in an affidavit, the Court infers at this stage that the access issues will continue. *See Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 81–82 (S.D.N.Y. 2022) (holding that first two *Calcano* requirements were satisfied because plaintiff described specific access issues he encountered during specific visits to defendant's website). Plaintiff has also adequately alleged his intent to return to Defendant's website and to visit Defendant's restaurant in the future because he has identified the particular aspects of the restaurant that piqued his interest, described his regular trips to the restaurant's general area, and explained his specific desire to bring his girlfriend to the restaurant on a date. ECF No. 26-1 ¶¶ 22–24, 32. These allegations are "more detailed than the complaints the Second Circuit dismissed for lack of standing in *Calcano*," and if they are accurate, they adequately allege standing. *Tavarez*, 641 F. Supp. 3d at 83; *see also Walters v. Fischer Skis U.S., LLC*, No. 21-cv-1115, 2022 WL 3226352, at *4 (N.D.N.Y. Aug. 10, 2022) (finding that plaintiff adequately alleged intent to return to defendant's website, and denying motion to dismiss ADA claims for lack of standing, because plaintiff's complaint adequately explained "his interest" in defendant's product and his "history" of consuming similar products).

Defendant has not defeated Plaintiff's standing by arguing in its reply brief that its restaurant does not offer a European-style atmosphere, that its menu has limited food options, and that it specializes in spirits rather than wine. ECF No. 27 at 6–7. As a threshold issue, the menu excerpts and affidavit describing Defendant's restaurant are materials extrinsic to

10

Plaintiff's proposed amended complaint that the Court may not rely on when deciding a motion for judgment on the pleadings. *See Lively*, 6 F.4th at 304–05; *see also Maddy v. Life Time, Inc.*, No. 22-cv-5007, 2023 WL 4364488, at *8 (S.D.N.Y. July 5, 2023) (refusing to rely on materials that defendant submitted with reply brief, when denying motion to dismiss ADA claim, even though those materials "raise[d] substantial questions about [p]laintiff's standing").

Even if the Court were to consider Defendant's extrinsic materials, they do not render Plaintiff's allegations of standing so incredible as to defeat jurisdiction at this stage. Defendant's menu contains many more spirits than wines, but it still offers dozens of wines, and it offers hundreds of spirits and wines from various countries in Europe. ECF No. 27-3 at 3–18, 22, 30–31. The food menu is limited compared to the selection of drinks, but Defendant nevertheless offers entrees capable of providing a full meal. *Id.* at 32. Furthermore, it is not beyond the pale that Plaintiff associates a "European" atmosphere with drinking expensive drinks in a sophisticated setting while eating relatively small portions. Defendant obviously has a different conception of a prototypical European dining experience; its manager asserts that the restaurant is "more of a Jazz lounge" and does not offer the "European environment" that Plaintiff allegedly seeks. ECF No. 27-2 at 11–12. But although the Court shares some of Defendant's skepticism of Plaintiff's stated intentions, it will not assess Plaintiff's credibility based on the meager factual record currently available.

Finally, Plaintiff's status as a repeat filer of website-related ADA claims does not permit the Court to reject his particularized allegations related to standing in this case. The Second Circuit in *Calcano* found that the plaintiffs had made "naked assertions of intent to return" to the defendants' businesses in numerous cases and held that the plaintiffs' "mass production" of those conclusory allegations "render[ed] each [p]laintiff's cookie-cutter assertion of standing

11

implausible." *Calcano*, 36 F.4th at 77–78. But a plaintiff's status as a repeat filer does not automatically undermine allegations regarding standing because "[i]t is not uncommon for people to use and attempt to access multiple websites a day," and "it is not implausible that many such websites have issues that make them inaccessible to visually impaired persons." *Maddy*, 2023 WL 4364488, at *6. Accordingly, when a repeat plaintiff's allegations related to standing are particularized and tailored to the defendant's products—as they are in this case—refusing to dismiss the complaint "is not contrary to the Second Circuit's decision in *Calcano*." *Id.*

### III. The Court Will Reopen Discovery to Accommodate Defendant's Jurisdictional Challenge

Even though Plaintiff's proposed amended complaint adequately alleges standing, the Court will permit the parties to conduct the discovery necessary to test Plaintiff's jurisdictional allegations. "A district court has wide latitude to determine the scope of discovery," especially on matters related to jurisdiction, because "the district court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019). Defendant is, therefore, entitled to take discovery about whether Plaintiff's "professed intent to return" to Defendant's restaurant is "genuine." *Harty v. Simon Property Grp., L.P.*, 428 F. App'x 69, 72 (2d Cir. 2011) (vacating decision dismissing ADA claims for lack of standing but permitting district court to let parties conduct jurisdictional discovery). If the parties' further exchange of discovery undermines the credibility of Plaintiff's allegations related to standing, then the Court will not hesitate to dismiss Plaintiff's amended complaint.

Although fact discovery was originally scheduled to close on May 30, 2023, one day before Defendant filed its motion for judgment on the pleadings, *see* ECF No. 17, the new allegations in Plaintiff's amended complaint constitute good cause to reopen discovery to

12

provide Defendant additional time to test them. *See Tavarez*, 641 F. Supp. 3d at 83 (permitting defendant to take jurisdictional discovery to challenge plaintiff's allegations of standing in ADA case based on website accessibility); *Maddy*, 2023 WL 4364488, at *9 (same). The parties shall complete all fact discovery, including jurisdictional discovery related to Plaintiff's allegations about standing, by January 31, 2024. Once fact discovery has been completed, Defendant may bring a motion for summary judgment to dismiss Plaintiff's claims for lack of standing, or for any other reason, before the parties incur the potentially significant expense of expert discovery. Any party seeking summary judgment based on the record compiled through fact discovery shall file on or before February 14, 2024, a pre-motion letter that complies with Section IV.A of the Court's Individual Practices, including the requirement that the letter must be accompanied by a statement of material facts that complies with Local Civil Rule 56.1. Any party opposing a motion for summary judgment shall file a responsive letter and responsive statement that complies with Local Civil Rule 56.1 on or before February 21, 2024.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion for judgment on the pleadings. ECF No. 19. Plaintiff shall file his amended complaint, which will become the operative complaint in this case, by December 8, 2023. Defendant shall file its answer or otherwise respond to Plaintiff's amended complaint on or before December 22, 2023. The parties shall complete all remaining fact discovery, including jurisdictional discovery related to testing Plaintiff's allegations related to standing, by January 31, 2024, and shall file pre-motion letters regarding proposed motions for summary judgment on or before February 14, 2024. The

Court will defer expert discovery until after its decision on any motions for summary judgment filed at the close of fact discovery.

SO ORDERED.

                                          /s/ *Hector Gonzalez* .
                                          HECTOR GONZALEZ
                                          United States District Judge

Dated: Brooklyn, New York
        December 6, 2023